NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4410
_____

UNITED STATES OF AMERICA

v.

RAFAEL INOA SANTANA,

Appellant

Appeal from the District Court
for the Virgin Islands, Division of St. Thomas and St. John
(Crim. No. 03-cr-00065)
District Judge: Hon. Raymond L. Finch

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2010

Before: McKEE, *Chief Judge*, FUENTES and SMITH, *Circuit Judges*,
(Opinion filed March 10, 2011)

OPINION

McKee, *Chief Judge*

Rafael Inoa Santana appeals the judgment of conviction and sentence of the

District Court for the Virgin Islands that resulted in his being ordered to serve a sentence

of 188 months in prison. His attorney has filed a brief pursuant to *Anders v. California*,

386 U.S. 738 (1967), in which he claims that there are no nonfrivolous issues for appeal

and asks to be relieved from representing Santana. For the reasons addressed below, we will grant counsel's petition and affirm the conviction and sentence.

## I.

Because we write primarily for the parties, it is not necessary to recite the facts of this case at length.

It is sufficient to note that Santana entered into a negotiated guilty plea to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841, 846. Santana agreed that if the trial court granted a sentencing reduction of at least two levels, he would waive his right to appeal. The trial court determined that Santana's base offense level under the Sentencing Guidelines was 38. The court adjusted the level to 36 pursuant to the plea agreement and the government's § 5K1.1 letter motion. A. 36. The resulting offense level yielded a suggested sentencing range of 188-235 months imprisonment. As noted, the court sentenced Santana to 188 months imprisonment to run concurrently with a sentence issued by the District Court for the District of Puerto Rico, and imposed a five year term of supervisory release. As a special condition of supervised release, Santana was ordered not to reenter the United States without the written permission of the United States Attorney General. This appeal followed.[1]

As noted above, Santana's appointed counsel has filed a motion to withdraw and an *Anders* brief stating that he is unable to identify any non-frivolous issues for review.

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In accordance with LAR 109.2(a), the government and Santana were provided with a copy of the *Anders* brief. Not surprisingly, the government agreed with defense counsel's assessment that any appeal would be frivolous. Santana did not file a response.

## II.

When counsel submits an *Anders* brief, we must determine: (1) whether appellate counsel fulfilled the requirements of LAR 109.2(a), and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In order to adequately fulfill the requirements of LAR 109.2, the *Anders* brief must "satisfy the court that [counsel] has thoroughly scoured the record in search of appealable issues" and must "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). Where the *Anders* brief is adequate, we review only portions of the record implicated by the brief. *Youla*, 241 F.3d at 301.

Counsel identifies four potential issues for appeal and concludes they are all frivolous. The issues he identifies are: (1) the district court's jurisdiction; (2) the plea's validity; (3) the validity and enforceability of the appellate waiver, and (4) the sentence's legality. We find counsel's *Anders* brief to be adequate, and therefore confine our review of the record to the issues set forth in the brief.

The first issue would clearly be frivolous because Santana was charged with a federal crime; hence, the district court had jurisdiction pursuant to 18 U.S.C. § 3231.

The second issue would also be frivolous because Santana's guilty plea was valid. Santana has not introduced any evidence that his guilty plea was not voluntary and knowing, and the record demonstrates that the plea complies with the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969) and Federal Rule of Criminal Procedure 11.

As for the third issue, appeal waivers are valid and enforceable as long as the waiver was voluntary and knowing and enforcement does not work a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). Appealing the validity of the waiver would be frivolous because, like the guilty plea, the record shows that Santana entered into the appeal waiver "knowingly, voluntarily, and upon the advice of counsel." App. 000047. Santana also received the two offense level deduction agreed to in exchange for waiving his right to appeal, and enforcing the waiver would clearly not amount to a miscarriage of justice.

Finally, because Santana expressly agreed to waive any right to appeal his sentence, an attempt to do so would be frivolous. The sentence was not illegal. It did not exceed the statutory maximum for the crime charged, and it was procedurally and substantively reasonable. Because Santana is not a United States citizen, the trial court did not abuse its discretion when it imposed a special condition prohibiting Santana from re-entering the United States without written permission of the Attorney General.

**III.**

Accordingly, we will affirm the judgment of conviction and sentence. Defense counsel's motion to withdraw will be granted.